IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2006 GSAMP TRUST 2006-HE3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-HE3, | § § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-18-0761 |
| v. | § § | |
| DEZRA JEFFERSON and VINCENT JEFFERSON, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND AND ORDER ENJOINING DEFENDANTS FROM FILING FUTURE NOTICES OF REMOVAL WITHOUT LEAVE OF COURT

On March 9, 2018, defendants, Dezra Jefferson and Vincent Jefferson, citing 28 U.S.C. §§ 1443, 1446, and 1447(b), removed this action from the County Court of Law No. 2 of Harris County, Texas, where it was pending under Cause No. 1094386.[1] On April 13, 2018, plaintiff, U.S. Bank National Association as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006 GSAMP Trust 2006-HE3 Mortgage Pass-Through Certificates Series 2006-HE3, filed Plaintiff's Motion to Remand and Brief in Support ("Plaintiff's Motion to Remand") (Docket Entry No. 9) seeking not only an order remanding this action but also injunctive relief. For the reasons stated below, Plaintiff's Motion to Remand and request for injunctive relief will be granted.

---

[1]Defendants' Notice of Removal, Docket Entry No. 1, p. 1.

## I. **Background**[2]

This action arises from a post-foreclosure eviction proceeding related to a single-family residence located at 19911 Chaste Tree Lane, Humble, Texas 77338 (the "Property"). Plaintiff filed its Original Petition for Forcible Detainer against the defendants on April 18, 2017, in the Justice of the Peace Court, Precinct 4, Place 2, Harris County, Texas.[3] Defendants were served with a Citation and copy of the plaintiff's petition on May 1, 2017.[4] Following a hearing attended by both the plaintiff and the defendants a judgment was granted in favor of plaintiff on May 9, 2017. The judgment stated that "[n]o writ of possession will issue before May 16, 2017."[5] On May 15, 2017, defendants filed their Notice to Appeal a Judgment in an Eviction Case in the Justice of the Peace Court, Harris County, Texas Precinct 4, Place 2.[6] On

---

[2]The background comes largely from Plaintiff's Motion to Remand, to which defendants have not responded. Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. R. 7.4 (2000). The court, therefore, takes defendants' failure to respond to the Plaintiff's Motion to Remand as a representation of no opposition to plaintiff's evidence and version of the facts. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988) (when a nonmovant fails to respond, the court does not err by granting a motion when the movant makes a prima facie showing of entitlement to judgment as a matter of law).

[3]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 2 (citing Exhibit A-1, file-stamped cover page of Plaintiff's Original Petition, Docket Entry No. 9, p. 11).

[4]Id. at 3 (citing Exhibit A-5, Constable Forcible Detainer Return 4-2, Docket Entry No. 9, p. 24).

[5]Id. at 2 (citing Exhibit A-2, Judgment for Plaintiff in Case Number 174200193949, Docket Entry No. 9, p. 13).

[6]Id. (citing Exhibit A-3, Notice to Appeal a Judgment in an Eviction Case, Docket Entry No. 9, p. 15).

June 12, 2017, defendants' appeal received Case No. 1094386 in Harris County Court of Law No. 2.[7] On July 3, 2017, defendants removed Case No. 1094386 to federal court pursuant to 28 U.S.C. §§ 1443, 1446, and 1447(b).[8] On July 11, 2017, plaintiff filed Plaintiff's Motion to Remand,[9] which the court granted on October 27, 2017.[10]

On November 9, 2017, defendants filed a Notice of Stay and Notice of Bankruptcy Case filing in the state court action.[11] On

---

[7]Id. (citing Exhibit A-4, Docket Report for Civil Action 1094386, Docket Entry No. 9, p. 20).

[8]Id. (citing Exhibit A-4, Docket Report for Civil Action No. 4:17-2035, Docket Entry No. 9, p. 18; and Docket Report for Civil Action 1094386, Docket Entry No. 9, pp. 20-22). See also Defendant's Notice of Removal, Docket Entry No. 1 in Civil Action No. 4:17-2035, p. 1 ("Defendants . . . have removed case number 1094386 filed in [] The Civil Court, Harris County . . . to the United States District Court Southern District of Texas, Houston . . ."), and p. 2 ("Defendants . . . give Notice that, pursuant to 28 U.S.C. §§ 1443, 1446, & 1447(b), they removed this case to the United States District Court for the Southern District of Texas."). Despite the parties' failure to provide instruments from Civil Action No. 4:17-2035, this court has the right to take judicial notice of pleadings filed in the Southern District of Texas. See Securities and Exchange Commission v. First Financial Group of Texas, 645 F.2d 429, 433 & n.6 (5th Cir. 1981) ("A court may take judicial notice of its own records and of those of inferior courts.").

[9]Id. See also Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 3 in Civil Action No. 4:17-2035 filed in the Southern District of Texas.

[10]Id. See also Order Granting Plaintiff's Motion to Remand, Docket Entry No. 7 in Civil Action No. 4:17-2035 filed in the Southern District of Texas.

[11]Id. (citing Docket Report for Civil Action 1094386 included in Exhibit A-4, Docket Entry No. 9, p. 20). See also Vincent

-3-

January 23, 2018, plaintiff filed a Motion for Relief from Stay stating that "[m]ovant . . . holds a security interest in: 19911 CHASTE TREE LANE, HUMBLE, TX 77338,"[12]

> Movant purchased the Property on March 3, 2017 at 10:48 am at a foreclosure sale. A copy of the recorded foreclosure sale deed is attached hereto. The sale was completed when the foreclosure was conducted in accordance with the law and provisions of the deed of trust. . . The lien and loan were both extinguished by the foreclosure, and title of the Property was vested in Movant upon completion of the foreclosure sale. A Substitute Trustee's Deed was filed and recorded March 23, 2017, providing notice of the conveyance of title of the Property to movant.[13]

On February 22, 2018, the Bankruptcy Court entered an Order Granting *In-Rem* Relief from Automatic Stay After Hearing,[14] and on March 1, 2018, the County Court at Law reactivated Case No. 1094386.[15] On March 9, 2018, the defendants removed the action to this court.[16]

---

Jefferson's Voluntary Petition for Individuals Filing for Bankruptcy, Docket Entry No. 1 in Case No. 4:17-bk-36233 in the Southern District of Texas).

[12]Motion for Relief from Stay and Co-Debtor Stay Regarding Exempt Property, Docket Entry No. 21 in Case No. 4:17-bk-36233, p. 1 ¶ 3.

[13]Id. at 2 ¶ 15. See also Substitute Trustee's Deed, Docket Entry No. 21-1 in Bankruptcy Case No. 4:17-bk-36233.

[14]Docket Entry No. 26 filed in Bankruptcy Case No. 4:17-bk-36233 ("Although a response opposing the motion was filed, the respondent did not appear at the hearing. . . [T]he response is overruled for want of prosecution and the motion is granted.").

[15]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 2. See also Docket Report for Civil Action 1094386 included in Exhibit A-4, Docket Entry No. 9, p. 20).

[16]Defendants' Notice of Removal, Docket Entry No. 1.

## II. **Notice of Removal**

Defendants removed this action pursuant to 28 U.S.C. §§ 1443, 1446, and 1447(b)

> on grounds that the Defendants[] obtained an order from the United States District Court in 2012, case 04:12-cv-01944, whereby the . . . plaintiff [in] the action being removed to this Court, was a defendant in Case #04:12-cv-01944. Plaintiff previously stipulated to a judgment in favor of defendants, Dezra Jefferson and Vincent Jefferson. To date, they have never complied with the order of the Court or stipulated agreement. The Court further ruled that the United States District Court shall maintain jurisdiction of this issue to enforce the stipulated judgment. Additionally, plaintiff in this action w[as] previously ordered to present original documents showing that [it] had any standing to represent the trust pool. Plaintiff has ignored the order an[d] continued to ignore that [it] ha[s] no standing and additionally ha[s] avoided and evaded the United States District Court. [It] ha[s] committed not only fraudulent actions upon the Court but also malicious prosecution, violation of civil rights, banking fraud, mail fraud, wire fraud, conspiracy, and violation of 15 USC 1692. Plaintiff has repeatedly violated the order and continued attacking defendants as to obtain an order of eviction through the state courts of Texas. The federally secured rights guaranteed by 42 U.S.C. §§§ 1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed by the violation of the order issued in unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of Texas.[17]

Citing <u>Dombrowski v. Pfister</u>, 85 S. Ct. 1116 (1965), defendants argue that removal is proper under 28 U.S.C. § 1443(1)

> because the Justice Courts of Harris County, and of Texas generally, have and enforce rules which are oppressive to economically disadvantaged defendants, as well as discriminatory to pro se litigants and accordingly do not

---

[17]<u>Id.</u> at 2.

equally respect or evenly enforce private rights to due process of law, even as defined by Texas State Law, effectively denying equal access to the Courts in violation of 42 U.S.C. §§ 1981-1982.[18]

Asserting that "28 U.S.C. § 1443[, c]ivil rights removal differs from Federal Question or Diversity jurisdiction removal precisely because there is **NO** requirement that the diversity jurisdiction be apparent or the federal question be presented on the face of the complaint,"[19] defendants argue that "[r]emoval is to act as an injunction against civil rights violations in State Courts."[20] Defendants argue that jurisdiction exists under 28 U.S.C. § 1367[21] and that "[t]his Court is the proper forum to adjudicate this matter because of the 2012 United States District Court order clearly stating that fact."[22]

---

[18]Id. at 3. See also id. at 11 ("The State courts deprived defendants of fair access, equal protection of the law and due process. The State courts are being biased and prejudiced towards pro se litigants."); id. at 19 ("Defendants further allege that the Texas Civil Code procedures authorizing nonjudicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-1982, so that Defendant[s have] a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.").

[19]Id. at 4.

[20]Id.

[21]Id. at 11.

[22]Id. at 20.

### III.  **Motion to Remand**

Plaintiff seeks remand because "1) the Notice of Removal filed by Defendants . . . is untimely; 2) civil rights removal under 28 U.S.C. § 1443 is improper; and 3) diversity jurisdiction does not exist."[23]  Plaintiff also argues that "[t]his case cannot be removed . . . because Defendants are in-state citizens."[24]

### A.  **Standard of Review**

Article III § 2 of the United States Constitution grants federal courts jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority. . ." This Constitutional mandate is supplemented by 28 U.S.C. §§ 1331 and 1332.  Section 1331 recognizes federal question jurisdiction in suits "arising under the Constitution, laws, or treaties of the United States."  For this purpose "[a] suit arises under the law that creates the cause of action."  Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc., 723 F.2d 1173, 1178 (5th Cir. 1984) (citations omitted).  "[W]hat 'determines jurisdiction' is the 'nature of the claim' asserted, and 'not the possible defenses to that claim.'"  Id. (quoting Cox v. International Union of Operating Engineers, 672 F.2d 421, 422 (5th Cir. 1982) (federal question jurisdiction is not satisfied merely because "the dispute

---

[23]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 1.

[24]Id. at 6 ¶ 8.

-7-

is in some way connected with a federal matter")). Section 1332 recognizes diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. Id. at 1177 ("The required diversity under section 1332(a)(1) must be complete: where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant.").

The general removal statute allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). "'Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied.'" Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 293 (5th Cir. 2010). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. See Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723

(5th Cir. 2002). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. Id.

The procedures by which a defendant may remove an action to federal court are set forth in 28 U.S.C. § 1446. Pursuant thereto a notice of removal must be filed within 30 days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within 30 days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). The procedures following removal are set forth in 28 U.S.C. § 1447. Pursuant thereto "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

## B.   Plaintiff Has Waived Procedural Defects of Removal

### 1.   Timeliness of Removal

Plaintiff argues that this action should be remanded because defendants' removal was untimely.[25]   Asserting that forcible detainer suits cannot originally be brought in county court, plaintiff argues that "[t]he deadline to remove began to run from the time of service of the justice of the peace suit for forcible

---

[25]Id. at 3.

detainer."[26]   Citing the Constable Forcible Detainer Return of
Service dated May 1, 2017, plaintiff argues that the thirty-day
removal period began on May 1, 2017.[27]

Although plaintiff correctly asserts that removal from state
court must be effected within 30 days after the defendant receives
the summons and a copy of the initial complaint/petition or an
amended pleading from which it may first be determined that the
action is or has become removable, 28 U.S.C. § 1446(b), an untimely
notice of removal is a procedural defect that must be raised within
30 days.  28 U.S.C. § 1447(c) ("A motion to remand the case on the
basis of any defect other than lack of subject matter jurisdiction
must be made within 30 days after the filing of the notice of
removal under section 1446(a)."). Since defendants removed this
action on March 9, 2018, but plaintiff did not file a motion to
remand until April 13, 2018, _i.e._, more than 30 days later,

_____

[26]_Id._  Generally, justice courts in the precinct in which the
real property is located have jurisdiction over such forcible entry
and detainer actions.  See Tex. Prop. Code § 24.004.  See also
McGruder v. Will, 204 F.3d 220, 221, n.1 (5th Cir. 2000)
(explaining forcible detainer actions in Texas).  Forcible detainer
actions can be removed to federal courts where there is proper
subject matter jurisdiction.  See, e.g., Barnes v. Lampkin, 990
F.2d 1253 (5th Cir. 1993); Washington Mutual Bank FA v. McZeal, 265
F. App'x 173 (5th Cir. 2008).

[27]_Id._ (citing Exhibit A-5, Constable Forcible Detainer Return
4-2, Docket Entry No. 9, p. 24 ("Received this Writ on 04/19/2017,
at 3:19 PM.  Executed on 05/01/2017, at 9:07 AM by delivering a
copy of this Citation together with a copy of the Petition:
     To:  JEFFERSON, VINCENT
     At:  19911 CHASTE TREE LANE HUMBLE, TX 77338
     By:  POSTED TO DOOR AND MAILED PER RULE 510.4C
     Date Signed:   May 1, 2017").

plaintiff has waived the untimeliness of the filing of the defendants' Notice of Removal. See Belser, M.D. v. St. Paul Fire and Marine Insurance Co., 965 F.2d 5, *8 (5th Cir. 1992) ("Because the untimely removal is not a jurisdictional defect, the procedural imperfection is waived if not raised in a timely motion to remand."). See also State of Louisiana v. Sparks, 978 F.2d 226, 233 n.11 (5th Cir. 1992) (objections to non-jurisdictional defects in removal are waived if not timely asserted).

2.  Forum Defendant Rule

Citing ECF Document 1, p. 9, l. 24-25, plaintiff argues that "[t]his case cannot be removed to federal court on the basis of diversity of citizenship because Defendants are in-state citizens."[28] ECF Document 1 is Defendants' Notice of Removal, and page 9 lines 24-25 thereof do not identify the defendants' state of citizenship.[29] Even if defendants are citizens of the State of Texas, plaintiff would not be entitled to remand for that reason because plaintiff failed to object to the removal within 30 days as required by 28 U.S.C. § 1447(c). Defendants removed this action on March 9, 2018, and plaintiff filed its Motion to Remand on April 13, 2018, more than 30 days after the action was removed from

_____

[28]Id. at 6.

[29]See Defendants' Notice of Removal, Docket Entry No. 1, p. 9 (lines 24-25) state:  "regarding the Defendant[']s need for protection from a state judicial system in which he has no chance of prevailing in his defense.  It is axiomatic that Federal").

state court.  Because plaintiff failed to challenge the removal in a timely manner, plaintiff has waived its right to object to the removal on grounds that the defendants are in-state or local defendants.  See U.S. Bank National Association v. Rudd, Civil Action No. 3:10-2440-L, 2011 WL 539120, *3 (N.D. Tex. February 7, 2011) ("'[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal.' Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted).  '[A] motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant.' Schexnayder v. Entergy Louisiana, Inc., 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted).").

## C.  Defendants Fail to Establish Federal Question Jurisdiction

Plaintiff's complaint only alleges state-law claims and contains no claim arising under the Constitution, statutes, or treaties of the United States.  Nevertheless, defendants removed on the basis of federal question jurisdiction asserting that removal is proper pursuant to 28 U.S.C. § 1443, the First, Fifth, Seventh, Ninth, and Fourteenth Amendments, and 42 U.S.C. §§ 1981-1983.

Plaintiff argues that "[r]emoval under 28 U.S.C. § 1443(1) is improper because there exists no grounds for Civil Rights removal."[30]  Plaintiff argues that

---

[30]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 4 ¶ 3.

[d]efendants' Notice of Removal states that they are subject to discrimination because they are 'economically disadvantaged' and *pro se* litigants[, but d]iscrimination based upon these alleged categories is not removable under § 1443(1). Rather, removal under § 1443(1) is strictly limited to racial discrimination and denial of explicit federal statutory protections.[31]

1. <u>Civil Rights Removal</u>

Defendants removed this action asserting that removal is proper pursuant to 28 U.S.C. § 1443, the First, Fifth, Seventh, Ninth, and Fourteenth Amendments, and 42 U.S.C. §§ 1981-1983. In pertinent part, 28 U.S.C. § 1443 provides that

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

The Supreme Court has construed 28 U.S.C. § 1443(1) in three cases. See <u>State of Georgia v. Rachel</u>, 86 S. Ct. 1783 (1966); <u>City of Greenwood, Mississippi v. Peacock</u>, 86 S. Ct. 1800 (1966); <u>Johnson v. Mississippi</u>, 95 S. Ct. 1591 (1975).

In <u>Rachel</u>, 86 S. Ct. at 1783, twenty African-American individuals were prosecuted in state court for criminal trespass violations resulting from their attempts to obtain service at a privately-owned restaurant in Atlanta. Since federal law required

---

[31]<u>Id.</u> ¶ 4.

such restaurants to serve persons of all races, the arrested individuals sought to remove the state court prosecutions to federal court under 28 U.S.C. § 1443(1). The Supreme Court held that the removal was proper upon determining that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." Id. at 1790. The Court concluded that the statute invoked by the removing defendants, the Civil Rights Act of 1964, was a statute providing for equal civil rights. Id. The Court then addressed the second statutory requirement, i.e., that the state court defendant be "denied or cannot enforce" his or her rights in state court. Id. at 1791. The Court observed that in order to sustain removal the denial of rights had traditionally required a formal expression of state law indicating "that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." Id. at 1796. The Court explained, however, that given the particular circumstances of that case, a firm prediction that the defendants would be denied federal rights in the state court could be made even absent a discriminatory state statute. Id. at 1796-1797.

In Peacock, 86 S. Ct. at 1800, a case decided the same day as Rachel, the Court emphasized the limited nature of removal under 28 U.S.C. § 1443 by holding that the removing defendants failed to demonstrate that they would be denied federal rights in the state court. Id. at 1811-1816. In Peacock the defendants alleged that

they were being prosecuted for obstructing public streets, assault and battery, and various other local crimes. Id. at 1803-1804 & nn.1-5. The defendants also alleged that they were arrested solely because of their race or because they were helping African-Americans assert their rights under various civil rights laws, that they were completely innocent of the charges brought against them, and that they would be unable to obtain a fair trial in state court. Id. at 1805 & n.6. The Court held that such allegations were insufficient to support removal under § 1443 because the defendants could not point to any federal law that conferred on them the right to engage in the conduct with which they were charged, and because there was no federal law that conferred immunity from state prosecution on such charges. Id. at 1812 & n.25. See also Johnson, 95 S. Ct. at 1591 (holding that removal was not appropriate under § 1443 where defendants alleged only that the statutes underlying the charges brought against them in state court were unconstitutional; that there was no basis in fact for the charges; and that their arrest and prosecution otherwise denied them their constitutional rights).

In Johnson, 95 S. Ct. 1591, the Supreme Court made clear that a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test:

> First, it must appear that the right allegedly denied the
> removal petitioner arises under a federal law "providing
> for specific civil rights stated in terms of racial
> equality." . . . Second, it must appear, in accordance
> with the provisions of § 1443(1), that the removal

petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," . . . such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." . . . Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," . . . it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. Under § 1443(1), "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

Id. at 1595-1596 (quoting Rachel, 86 S. Ct. at 1790, 1794, and 1796, and Peacock, 86 S. Ct. at 1811-1812) (citations omitted).

2. Analysis

(a) Defendants Fail to Allege Denial of Rights Arising Under Any Federal Law Providing for Specific Civil Rights Stated in Terms of Racial Equality

Under the first prong of the two-part test articulated by the Supreme Court in Rachel, Peacock, and Johnson, defendants must show that the rights they have allegedly been denied arise under a federal law providing for "specific civil rights stated in terms of racial equality." Johnson, 95 S. Ct. at 1595 (quoting Rachel, 86 S. Ct. at 1790). Defendants state that removal under 28 U.S.C. § 1443 is appropriate because

[t]he federally secured rights guaranteed by 42 U.S.C. §§ 1981, 1982 and 1983[,] the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are

being directly and systematically impaired and infringed by the violation of the order issued in unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of Texas.[32]

Defendants also allege generally that they have been denied due process and equal protection of the law by asserting: (1) "The State courts deprived defendants of fair access, equal protection of the law and due process. The State courts are being biased and prejudiced towards pro se litigants;"[33] (2) they "[are] being denied and cannot enforce [their] rights of equal protection of the discriminatory laws of the State of Texas, which facially and as applied by the justice courts of Limited Jurisdiction. . .;"[34] and

[(3)] . . . the Texas Civil Code procedures authorizing nonjudicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-1982, so that Defendant[s have] a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.[35]

Neither defendants' race nor any assertions of race-based discrimination are mentioned in their Notice of Removal or the exhibits attached thereto.

_____

[32]Defendants' Notice of Removal, Docket Entry No. 1, p. 2.

[33]Id. at 11.

[34]Id. at 15.

[35]Id. at 19.

Defendants fail to satisfy the first prong of the Supreme Court's two-part test for § 1443(1) removal because defendants fail to allege that they have been or are being denied any right arising under a federal law providing for specific civil rights stated in terms of racial equality. Defendants' assertions that they are being denied rights protected by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983 all fail for this reason. See Smith v. Winter, 717 F.2d 191, 194 (5th Cir. 1983) ("[T]he first prong of this test demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively, broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983."); State of Louisiana v. Rouselle, 418 F.2d 873, 874 (5th Cir. 1969) (per curiam) ("'the reference in § 1443(1) . . . to equal civil rights . . . does not include the broad constitutional guarantees of the First Amendment'") (quoting Peacock, 86 S. Ct. at 1811). See also Cabello v. Texas, 71 F. App'x 315, 316 (5th Cir. July 31, 2003) (per curiam) (contention that trying an action in state court "'will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice [to support § 1443 removal]'") (quoting Johnson, 95

-18-

S. Ct. at 1595); <u>City of Houston v. Club Fetish</u>, Civil Action No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. April 24, 2013) ("Sections 1983 and 1988 and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution do not provide for specific civil rights stated in terms of racial equality.").

In <u>Peacock</u>, however, the Supreme Court recognized that 42 U.S.C. § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality. 86 S. Ct. at 1811. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of all persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Because 42 U.S.C. § 1982 similarly provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property," the Fifth Circuit has held that it, too, is a law providing specific civil rights stated in terms of racial equality. See <u>Johnson v. State of Mississippi</u>, 488 F.2d 284, 286 & n.4 (5th Cir. 1974). <u>See also</u> <u>Akhlaghi v. Berry</u>, 294 F. Supp. 2d 1238, 1241-42 (D. Kan. 2003) (assuming without deciding that claims of race discrimination under 42 U.S.C. § 1982 are sufficient to satisfy the first prong of the test articulated by the Supreme

-19-

Court in <u>Rachel</u> and <u>Johnson</u>). Nevertheless, merely citing 42 U.S.C. §§ 1981 and 1982 is not sufficient to satisfy the first prong of the Supreme Court's two-part test for § 1443(1) removal; removing defendants must also connect the laws to rights they claim to be asserting. <u>Baylor v. Day-Petrano</u>, 596 F. App'x 741, 742-44 (11th Cir. 2014).

Defendants cite 42 U.S.C. §§ 1981 and 1982, but fail either to identify their own races or to allege facts capable of establishing that being subject to a forcible detainer action in state court will deny them rights protected by these federal laws. Nor do defendants cite any authority recognizing a federally protected right either to engage in the specific conduct of which plaintiff accuses them (<u>i.e.</u>, failing to surrender possession of property that they no longer own), or to be free from having to defend the claims that plaintiff has brought against them in state court. Because defendants have failed to identify any rights arising under federal laws "providing for specific civil rights stated in terms of racial equality," they have failed to satisfy the first prong of the Supreme Court's test. <u>See</u> <u>Johnson</u>, 95 S. Ct. at 1595.

> (b) Defendants Fail to Allege that They Will Be Denied or Unable to Enforce Federal Rights in State Court

Under the second prong of the Supreme Court's test defendants must show that "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that [federally protected] rights will inevitably be denied by the very

act of bringing the defendant to trial in the state court."
Johnson, 95 S. Ct. at 1595-1596 (quoting Peacock, 86 S. Ct. at
1812). This prong of the § 1443 analysis "normally requires that
the 'denial [of a federally guaranteed right] be manifest in a
formal expression of state law' . . . such as a state legislative
or constitutional provision, 'rather than a denial first made
manifest in the trial of the case.'" Johnson, 95 S. Ct. at 1595
(quoting Rachel, 86 S. Ct. at 1796 and 1794). The Supreme Court
has explained that the requirement that the denial of federal
rights in state court be manifest in a formal expression of state
law serves two purposes: (1) it ensures that removal is available
only in cases where the predicted denial appears with relative
clarity before trial; and (2) it ensures that the task of
prediction does not involve a detailed analysis by a federal judge
of the likely disposition of particular federal claims by
particular state courts. Rachel, 86 S. Ct. at 1796. In Rachel,
however, the Supreme Court recognized that in unusual cases, a firm
prediction can be made that the defendants will be denied federal
rights in state court even absent a discriminatory state statute.
86 S. Ct. at 1796-1797.

Defendants have not alleged any facts capable of showing how
a denial of their "specific civil rights stated in terms of racial
equality" is "manifest in a formal expression of state law" or that
the very act of bringing a forcible detainer suit against them in
state court "will constitute a denial of the rights conferred by

-21-

[a] federal statute." See 28 U.S.C. § 1443(1). Defendants advance no legally cognizable argument that the Texas state courts have denied or will deny them rights protected by 42 U.S.C. §§ 1981 or 1982. Nor do they point to any Texas law that might preclude them from enforcing federal rights protected by 42 U.S.C. §§ 1981 or 1982 in state court. And defendants do not assert that this is an unusual case in which the laws of Texas will operate to deny them these federal rights. Instead, defendants make only conclusory assertions that they are entitled to remove this action under § 1443(1) because

> [they] obtained an order from the United States District court in 2012, case 04:12-cv-01944, whereby the . . . plaintiff [in] the action being removed to this Court, was a defendant in Case #04:12-cv-01944. Plaintiff previously stipulated to a judgment in favor of defendants, Dezra Jefferson and Vincent Jefferson. To date, they have never complied with the order of the Court or stipulated agreement. The Court further ruled that the United States District Court shall maintain jurisdiction of this issue to enforce the stipulated judgment,[36]

and because

> the Justice Courts of Harris County, and of Texas generally, have and enforce rules which are oppressive to economically disadvantaged defendants, as well as discriminatory to pro se litigants and accordingly do not equally respect or evenly enforce private rights to due process of law, even as defined by Texas State Law, effectively denying equal access to the Courts in violation of 42 U.S.C. §§ 1981-1982.[37]

---

[36]Defendants' Notice of Removal, Docket Entry No. 1, p. 2.

[37]Id. at 3.

Defendants' allegations raise two arguments in support of removal, neither of which satisfy the second prong of the § 1443(1) test requiring defendants to demonstrate that they have been denied or cannot enforce specified federal rights in the state courts due to some formal expression of state law, (1) Plaintiff has not complied with a stipulated settlement agreement entered in a previous federal action between these parties, No. 04:12-cv-1944, in which the court retained jurisdiction to enforce the settlement agreement; and (2) the Justice Courts of Harris County, and of Texas generally, enforce rules that oppress economically disadvantaged defendants and discriminate against pro se litigants and deny them equal access to the Courts in violation of 42 U.S.C. §§ 1981-1982.

Defendants assert that their federally protected rights cannot be enforced in the State Court, but provide no legal or factual support for their claims that the Texas laws of nonjudicial foreclosure and judicial eviction violate 42 U.S.C. §§ 1981-1982. Instead, defendants assert that the

> Harris County Justice Courts in the State of Texas did not require any proof of ownership or title to property prior to commencing eviction proceedings, nor of any proof of lawful compliance with Texas law regarding the structure of nonjudicial foreclosures and the recording of sales and transactions relating to the wrongful foreclosure of a loan which the United States Bankruptcy Court forced the dissolution of MILA (Mortgage Investment Lending Associates Inc[.]). The fraudulent actions of the successors an[d] trustees lead to [] Dezra Jefferson and Vincent Jefferson filing an action in the Texas State Court for relief. The successor trustee, Bank of America NA removed the action to the United States District Court

-23-

> rather than complying with orders from the Texas State
> Court. US bank NA then stepped in and stipulated to
> judgment against them. Yet US Bank and its coven of
> attorneys continue to file action in the state court to
> avoid this order. This is blatant fraud and obstruction
> of justice.[38]

Defendants have not alleged that the state courts treat them differently from members of any other racial groups in forcible entry and detainer proceedings. Nor have defendants alleged that any federal law expressly designed to guarantee racial equality has been violated by the alleged breaches of laws guaranteeing equality of access to the courts, ability to present evidence, and ability to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular. Courts regularly hold that allegations such as these do not suffice to establish a right to removal under § 1443. See, e.g., Barnes v. Lampkin, 990 F.2d 1253, 1993 WL 129787, at *1 (5th Cir. 1993) (per curiam) (unpublished). The court therefore concludes that defendants have failed to satisfy the second prong of the two-part test that courts apply to § 1443(1) removal.

Defendants assert that "[t]his [c]ourt has jurisdiction over this action pursuant to 28 U.S.C. 1367 — Supplemental jurisdiction,"[39] and argue that "[t]his Court is the proper forum to adjudicate this matter because of the 2012 United States

---

[38] Id.

[39] Id. at 11.

District Court order clearly stating that fact."[40]   Defendants
appear to be referencing the Final Dismissal entered in a previous
federal action between the parties, i.e., Civil Action No. H-12-
1944.  The Final Dismissal entered in that action was based upon
the court "[h]aving been advised by counsel that a settlement has
been reached,"[41] and states "[t]his court retains jurisdiction to
enforce the settlement."[42]   The fact that another court in this
district retained jurisdiction over a prior action to enforce a
settlement agreement does not, however, provide this court
jurisdiction over this action removed from state court.   See
Triple S Properties Inc. v. St. Paul Surplus Lines Insurance Co.,
Civil Action No. 3:08-796-O, 2010 WL 3911422, *3 (N.D. Tex.
October 5, 2010) (ancillary jurisdiction to enforce a settlement
agreement does not extend to claims that are merely related to the
enforcement of a settlement agreement).   To the extent that
defendants are arguing that they have a claim for enforcement of
the settlement agreement from a prior action, the undersigned judge
does not have jurisdiction over the claim.   Instead, if jurisdic-
tion exists, it would exist to enforce the settlement agreement in
Judge Hughes' court in the action in which the settlement agreement
was reached.   See Mijares v. County of El Paso, No. EP-15-CV-353-

---

[40]Id. at 20.

[41]Final Dismissal, Docket Entry No. 14 in Civil Action
No. H-12-1944, Jefferson v. Bank of America, N.A.

[42]Id.

KC, 2016 WL 206481, *3 (W.D. Texas January 15, 2016). See also Syngenta Crop Protection, Inc. v. Henson, 123 S. Ct. 366, 371 (2002) (rejecting argument that the All Writs Act either alone or in combination with the doctrine of ancillary enforcement jurisdiction pursuant to 28 U.S.C. § 1367 gives a federal court the authority to remove a state-court case in order to prevent the frustration of orders the federal court has previously issued).

Defendants also cite other authorities in their Notice of Removal, but none of them support the removal of a civil case under the circumstances at issue here. They are, instead, cases such as Dombrowski v. Pfister, 85 S. Ct. 1116 (1965), which addressed the limited authority of a federal court to grant an injunction to stay proceedings in a state court. Such relief, which is extraordinarily rare, may be granted in a civil action filed in federal court, but the mere potential that such relief may be granted in a civil action does not permit removal. Even if a civil rights complaint were filed in this court, Younger v. Harris, 91 S. Ct. 746 (1971), will ordinarily require the federal court to abstain from interfering in the state court action. See Jacobs v. Hall, Civil Action No. 09-1811, 2010 WL 65036, at *1 (W.D. La. January 4, 2010). See Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982); Texas v. Watkins, Civil Action No. 3:16-1547-M-BH, 2016 WL 3930186, at *2 (N.D. Tex. June 21, 2016), report and recommendation adopted, Civil Action No. 3:16-1547-M-BH, 2016 WL 3926430 (N.D. Tex. July 18, 2016).

Absent reference to any state law that will deny them federally protected rights or to any reason why the court should conclude that removal might be justified, even in the absence of a discriminatory state law, because a firm prediction cannot be made that the defendants will be denied federal rights in state court even absent a discriminatory state statute, see Rachel, 86 S. Ct. at 1796-1797, defendants' allegations are insufficient to meet the standards articulated by the Supreme Court in Rachel, Peacock, and Johnson. In light of the Supreme Court's decisions in Rachel, Peacock, and Johnson, it is apparent that defendants have failed to meet their burden of establishing that the requirements for removal under § 1443(1) have been satisfied. See Manguno, 276 F.3d at 723 (the removing party bears the burden of establishing that federal jurisdiction exists). While defendants appear to complain that plaintiffs have abused the state court process by filing claims against them, this is not the equivalent of showing that defendants will be denied their civil rights by the state court itself. Defendants have not alleged that they will be denied their civil rights merely by being subject to suit in state court. Moreover, even assuming that plaintiffs brought these claims against defendants solely because of their race, that is still not enough to support removal. As the Supreme Court explained in Peacock:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by [the opposing party] in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state

court. The motives of the [opposing party] bringing the
charges may be corrupt, but that does not show that the
state trial court will find the defendant guilty if he is
innocent, or that in any other manner the defendant will
be 'denied or cannot enforce in the courts' of the State
any right under a federal law providing for equal civil
rights.

86 S. Ct. at 1812. Stated another way, defendants have no
federally conferred immunity from having to defend the claims that
plaintiff has brought against them in state court, and the civil
rights statutes upon which they rely do not confer upon them the
right to engage in the specific conduct of which plaintiffs accuse
them (i.e., failing to surrender possession of property that
plaintiff contends they no longer own). Since defendants have
failed to show that there is anything about the very act of being
brought to trial in the state court that will inevitably deny them
their civil rights, they have failed to show either that removal is
proper or that this court has federal question jurisdiction over
this action. See David & Taylor Custom Pools, Inc. v. Davis, Civil
Action No. H-05-3810, 2006 WL 456262, at *1-5 (S.D. Tex.
February 22, 2006).

**D.    Defendants Fail to Establish Diversity Jurisdiction**

Plaintiff argues that this action should be remanded because
defendants are unable to establish diversity jurisdiction as the
amount in controversy does not exceed $75,000.00.[43] Asserting that
"[t]he object of [their] petition is possession of the Property;

---

[43]Plaintiff's Motion to Remand, Docket Entry No. 9, pp. 6-8
¶¶ 9-12.

not title,"[44] plaintiff argues that "[t]he 'value of the right to be possessed' is not the value of the property itself, but the value of *occupying* the property.'"[45] Defendants' Notice of Removal does not cite any evidence capable of establishing that the amount in controversy likely exceeds $75,000. Therefore defendants have not met their burden to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV. **Plaintiff's Request for Injunctive Relief**

Asserting that "[d]efendants are indiscriminately filing Notices of Removal within the same County Court Case, without asserting any new, valid grounds . . . to do so,"[46] plaintiff "requests the Court enjoin the Defendants from filing further Notices of Removal, absent any new, valid grounds occurring within the County Court Case that would entitle or justify removal of the state court case."[47] Plaintiff argues that "the removal attempt at issue and any subsequent attempts are abusive to the spirit and intent of the judicial process and are solely for purposes of delay."[48]

---

[44]Id. at 7 ¶ 11.

[45]Id. (citing Ezon v. Cornwall Equities Ltd., 540 F. Supp. 885, 889 (S.D. Tex. 1982)).

[46]Id. at 8.

[47]Id.

[48]Id.

Defendants have now twice removed this action from state to federal court pursuant to 28 U.S.C. §§ 1443, 1446, and 1447(b); first on July 3, 2017, initiating Civil Action No. 4:17-2035,[49] and second on March 9, 2018, initiating this action. On July 11, 2017, plaintiff filed Plaintiff's Motion to Remand and Brief in Support seeking remand based on the same arguments made in the motion to remand addressed herein, i.e., untimeliness of removal, the impropriety of civil rights removal, the forum defendant rule, and defendants' inability to establish diversity jurisdiction because the amount in controversy does not exceed $75,000.00.[50] The action initiated by the defendants' first attempt to remove was remanded on October 27, 2017. The October 27, 2017, Order Granting Plaintiff's Motion to Remand explained that "[h]aving considered the Motion and any timely responses and replies thereto, the Court determines that the Motion bears merit and should be granted."[51] Defendants' second Notice of Removal filed in this action is virtually identical to their first Notice of Removal filed in Civil

_____

[49]See Exhibit A-4, Docket Report for Civil Action No. 4:17-2035, Docket Entry No. 9, p. 18; and Docket Report for Civil Action 1094386, Docket Entry No. 9, pp. 20-22. See also Defendant's Notice of Removal, Docket Entry No. 1 in Civil Action No. 4:17-2035, p. 1 ("Defendants . . . have removed case number 1094386 filed in [] The Civil Court, Harris County . . . to the United States District Court Southern District of Texas, Houston."), and p. 2 ("Defendants . . . give Notice that, pursuant to 28 U.S.C. §§ 1443, 1446, & 1447(b), they removed this case to the United States District Court for the Southern District of Texas.").

[50]See Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 3 in Civil Action No. 4:17-2035.

[51]Docket Entry No. 7 in Civil Action No. 4:17-2035, U.S. Bank National Association v. Jefferson.

Action No. 4:17-2035. While defendants filed a response to the Motion to Remand filed in that previous action, defendants have not filed any response to the Motion to Remand filed in this action.

The similarity of the two removals, coupled with defendants' failure to provide any legal support for the instant removal or any response to the Plaintiff's Motion to Remand, leads the court to infer that, at minimum, the most recent removal was frivolous and dilatory. "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal district courts have the power under this statute to "enjoin litigants who are abusing the court system by harassing their opponents." Ganheart v. Department of Interior, 58 F.3d 636, No. 94-30652, 1995 WL 371028, at *1 (5th Cir. June 2, 1995) (unpublished) (citing Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980)) (quotation marks omitted). See also Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1220-22 (5th Cir. 1976) (per curiam) (upholding district court's permanent injunction against prosecuting any future cause of action arising out of subject of present suit); Pickens v. Lockheed Corp., 990 F.2d 1488, 1489 (5th Cir. 1993) (per curiam) (forbidding appellant from filing any further pleadings concerning transaction over which appellant had already brought a series of frivolous cases without court approval), cert. denied, 114 S. Ct. 689 (1994). Accordingly, the court concludes that plaintiff's request for injunctive relief is meritorious and will be granted.

## V. **Conclusions and Orders**

For the reasons stated in § IV, above, the court **ENJOINS** defendants from filing any future notices of removal related to the county court case underlying this action without first obtaining leave from the Chief Judge of the Southern District of Texas. Defendants are **ORDERED** to attach copies of this court's Memorandum Opinion and Order of Remand and Judge Bennett's October 27, 2017, Order Granting Plaintiff's Motion to Remand (in Civil Action No. 4:17-2035) to any notice of removal or filing seeking permission to file a future notice of removal. The court further cautions defendants that future frivolous attempts at removal may result in monetary sanctions.

For the reasons stated in § III, above, the court lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 9) is **GRANTED**. This action is **REMANDED** to the County Court of Law No. 2 of Harris County, Texas, pursuant to 28 U.S.C. § 1447(c). The Clerk will promptly deliver a copy of this Order of Remand to the County Clerk of Harris County, Texas.

Costs will be taxed against the defendants.

**SIGNED** at Houston, Texas, on this the 21st day of May, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-32-